We'll hear argument next in Case 16-348, Midland Funding v. Johnson. Mr. Chamnagam. Thank you, Mr. Chief Justice, and may it please the Court. The Bankruptcy Code sets up a process for evaluating claims that are subject to potential limitations defenses. Under that process, a creditor seeking to collect on a debt files a proof of claim. For certain types of consumer debt, the creditor also includes information to enable the trustee and other parties in interest to assess the claim's timeliness and where appropriate to object. A creditor is not required to go further and to certify that there is no valid limitations defense to its own claim. Yet that is exactly what Respondent and the Government are asking this Court to do under the guise of interpreting the Fair Debt Collection Practices Act. There's nothing — Ginsburg. If you sued in court to collect on a debt that is time barred, would that violate the fair credit law? If you sued in court on a debt that was time barred? Chamnagam. Justice Ginsburg, our view, perhaps not surprisingly, is no. Our view is that there would be nothing misleading or unfair about the suit in that instance. But this the courts of appeals that have accepted our view have largely assumed that the filing of a suit in State court presents different considerations from the filing of a proof of claim in bankruptcy. And that is for the simple reason that there are distinctive characteristics about the operation of the bankruptcy system. First, and perhaps most importantly, the bankruptcy system defines the term claim quite broadly to include any circumstance in which there is a right to payment. And as this Court held in Buttner, whether or not there is a right to payment is defined under State law. And Alabama law is clear that the running of a limitations period does not extinguish the right. The right remains. And so, for instance, if the debtor takes some action to make repayment, the right springs back into life. Indeed, the right never disappears in the first place, but the right once again becomes judicially enforceable. Kennedy. Are there any circumstances, just as a practical matter, where the trustee decides that the trustee is going to pay the time-barred debt? It's obviously prejudicial to the other creditors. Are there any — I'm just trying to think of that. I can't think of any instance in which a trustee would want to — I was thinking, suppose that the debtor wanted to continue a business relation with the creditor whose debt is time-barred and asked — but I just can't think of any instance. Now, and, Justice Kennedy, I can't think of such an instance, either, and I think that that's precisely because the trustee has the statutory duty to object, to preserve the assets of the estate, and to do so for the creditors. And again, that is a critical feature of the bankruptcy system. Sotomayor, I'm sorry. I'm having a great deal of difficulty with this business model, completely. You buy old, old debts that you know for a certainty are not within any statute of limitations. You buy them and you call up creditors and you say to them, you don't have to pay me, but out of the goodness of your heart, you should? Or do you just call them up and say, you owe me money, and you hope that they'll pay you? And is it the same thing in bankruptcy court? You file the claim and you hope the trustee doesn't see that it's out of time? And apparently, you collect on millions of dollars of these debts. So is that what you do? So, Justice Sotomayor, I do not think that that is a valid understanding of our business model, and let me explain why. First, this debt was not time-barred at the time it was purchased, and indeed, Midland, my client, makes every effort not to purchase time-barred debt. Now, of course, they're not always correct in their assessments, and debt that is not time-barred at the time of purchase can become. Sotomayor, did you have a good faith basis in this case to believe that the debt was not time-barred? There is. When you filed this claim? Forget about some of the others. Just to be clear, there is actually no allegation in this case that we knew that there was a valid limitations defense. If you take a look at the complaint in this case, and if you take a look at page 25 of the Joint Appendix in particular, all that the complaint alleges is that we were aware of the very facts that we disclosed in the proof of claim, facts that, to be sure, indicated the existence of a potential limitations defense. Because, after all Did you have a good faith basis to believe the statute of limitations was not applicable? Midland, at the time, would file proofs of claim without conducting some sort of exhaustive inquiry, and that's for the simple reason that Midland did not believe that that was legally required. And so, again, there's no record on this issue. So what do you do with the committee notes that say that everyone who files a proof of claim has an obligation to do a good faith inquiry as to whether it's an enforceable obligation or not? I don't think that that is an accurate characterization of what the advisory committee did. And let me first No, no, no. Not what they did, what they said. I don't think that that's an accurate characterization of what they said either. And let me explain why that's true. First of all, let me set out what the advisory committee actually did, because that's a critical part of our argument. In Rule 3001c3, which was adopted in 2012, the advisory committee required certain disclosures, the whole point of which was to put trustees and other parties in interest on notice of the potential availability of a limitations defense. And the advisory committee thought about going further. It thought about doing, again, exactly what Respondent and the government are asking this Court to do under the FDCPA, namely, to require a certification that, having investigated the existence of a limitations defense, the creditor had made a determination that there was no valid such defense. Now, the advisory committee decided not to do that, Justice Sotomayor, and it decided not to do that for two critical reasons. The first was that the advisory committee recognized that the question of whether or not there is a valid limitations defense, as opposed to the question of whether or not the claim appears to be time-barred, could be complicated, and it could be complicated even in the context of consumer debts like these ones because of the potential for revival and tolling, choice of law issues, and the like. The second reason was that the advisory committee decided not to do that, and it decided not to do that for two critical reasons, as opposed to the question of whether or not there is a valid limitations defense, as opposed to the question of whether or not there is a valid limitations defense. So, but the point is, if you were unaware and didn't properly investigate, have you fulfilled your obligations as a lawyer to the bankruptcy court? And our view, Justice Sotomayor, just to be clear, is that you have done exactly what the code itself contemplates. And this goes to the second reason why the advisory committee did not go further. The advisory committee expressed the concern that if it had gone further, it could be violating the Bankruptcy Rules Enabling Act, because it would be acting inconsistently with the burden-shifting framework that the code itself adopts. Sotomayor, I'm sorry, I don't remember reading that in the end. Could you give me a record slide for that? Or you can do it in your reply. No, it's in our brief. It's in our brief at page, I believe it's at page 86 of the agenda book, where the advisory committee working group discusses the proposal to require creditors to, quote, state whether the claim is timely under the relevant statute of limitations. But let me explain that point in a little more detail, because I do think that this is really important to understanding our argument here. The way that the Bankruptcy Code operates is, first, that a party is entitled – a creditor is entitled to file a proof of claim where they have a right to payment. And at that point, the burden shifts. The claim is presumptively valid. And if there is an issue concerning the enforceability of the claim, that is an issue that has to be raised by the trustee or by another party in interest, or else the claim will be allowed. Now, what I think Respondent and the government are trying to do here is to really elide two separate concepts, the question of validity on the one hand and the question of enforceability on the other. And I think Respondent in particular is attempting to somehow build the concept of enforceability into the definition of a claim. But how we know that that is not true is by virtue of the fact that in Section 502b, the statute, the code specifically provides that enforceability is a basis for objecting and for disallowing a claim. It doesn't go to the question of whether or not you have a valid claim in the first place. So once again, all of this really depends critically on the fact that the claim is valid, the fact that the code anticipates that some people will file unenforceable claims even though they shouldn't, that that somehow proves that the code invites unenforceable claims? Quite to the contrary, Justice Sotomayor, the code specifically wants this to happen because the code defines claims expansively. And that is because in 1978, when Congress adopted the Bankruptcy Code, it adopted this broad definition of claim to bring claims into the bankruptcy estate. So there is contingent, unmatured, these are all words that suggest an entitlement to payment, where in the definition any use of word, of words, talk about a claim that's unenforceable. A contingent claim may not be enforceable today, but it might be in the future. I agree with the first half of your question, but not the second, Justice Sotomayor, because you're right. The code talks about an entitlement to payment, but that is precisely what we have here. And to the extent that the code includes as examples of types of rights to payment contingent claims or unmatured claims, that illustrates that the definition of claim includes rights to payment that may not be presently enforceable. Again, the question of enforceability is a question that arises with regard to objections. It does not relate to the question of an entitlement to file a claim. And this is critical to understanding how the Bankruptcy Code works. Now, how the Bankruptcy Code works, in turn, informs the application of the actual language of the FDC, FDCPA, which is, after all, the question before this Court. Kagan.   Kagan. Kagan. Before you get to that language, Mr. Scheinmcgen, could you just, you know, just from a common-sense basis, it seems hard to understand why Congress would want all these unenforceable proofs of claim to flow in, because only two things can happen. One is that the trustee will properly filter out those claims, and the other is that the trustee will be swamped and won't have the time or the energy or the inclination or he'll make mistakes. And some of those claims will be deemed enforceable when, in fact, they're not. So why would anybody want these proofs of claim to flood into the bankruptcy system? So, Justice Kagan, two responses to that. The first is that, again, you know, we don't know that these claims are unenforceable. I think what we know is that there is an apparent time bar to these claims. The very facts that are disclosed in the proof of claim illustrate that. And there is some further work to be done before an ultimate legal determination can be made about whether there is a valid limitations defense. And Congress very consciously put that burden on the trustee and other parties in interest in the bankruptcy code. The trustee or the debtor or any other party in interest can come in and object and the issue can be litigated. I think the case involves not claims which maybe they're barred by the statute of limitations and maybe they're not, that the issue as presented to us is as to claims where everybody knows, including the person who's filing the proof of claim, that they're barred by the statute of limitations. And what sense could it make for Congress to think, oh, that's a great idea for some of the people just to file those claims and, you know, the best thing that can happen is that those claims will be filtered out, and the worst thing that can happen is that they won't be. People will make mistakes and people will pay on things that they shouldn't be paying on. Shanmugamer. Yeah. And, Justice Kagan, just to be clear, I'm disputing the assumption that we somehow acted with knowledge here, but I'm happy for this Court to consider this case, as we said in footnote 1 of our brief, on the assumption that if there had been an objection, the claim would have been disallowed. I think that the answer, though, is still the same. And I think that Congress, in adopting this system in the code, must have known that some number of claims would be allowed that should otherwise be disallowed if there is an objection, because, after all, that is the ineluctable consequence of imposing the burden on responsive parties in deeming claims to be valid, absent, and objection. But the reason, the affirmative reason why Congress would have wanted to do that is precisely because of the fresh start principle that underlies the entire bankruptcy system. Kennedy, is part of that, and help me just on basic bankruptcy law, suppose I'm a debtor, I know that the claim is time-barred, do I list that claim with the trustee just to make sure that it can be a part of the discharge, that the claim is extinguished and I can't later be sued? I think it should be listed for the simple reason that there is a valid claim and there is, therefore, a valid right to payment. And the routine matter, does the discharge extinguish that claim? Yes, that is correct. And the virtue of the discharge is that the claim is time-barred. You don't need a fresh start to get rid of that claim. You say it's time-barred, therefore no claim. You don't need a discharge in bankruptcy to accomplish that. Justice Ginsburg, I disagree with that solely because of the virtue of a discharge. And the virtue of a discharge is that in the language of the Code, and the language in particular of Section 523A3, a discharge prevents the creditor from taking any act to collect. And that includes efforts to encourage the debtor, notwithstanding the absence of a judicial remedy, to make any sort of payment, which I think Respondent acknowledges that a debtor retains at least some ability to do, even if it's not. Kennedy, was the possibility of the creditor arguing that there had been a waiver? Yes, I guess the debtor doesn't have to worry about some claim that he had waived the statute of limitations. Yes. Well, that is correct in the sense that, again, the creditor can take no action to collect even a sort of voluntary request for payment. And that has very real value. And in addition, as we explained in our brief, discharge has other collateral consequences in prohibiting certain types of discrimination based on the existence of debts. And those are the very principles that, again, underlie not just the Code more generally, but the very broad definition of claim in particular. And that really was an innovation of the 1978 Bankruptcy Code, namely replacing the old provability system with a very broad definition of claim that was meant to bring claims within the bankruptcy process. We're talking about the effect of the FDCPA, and isn't it so that there would be no point in making a claim for a debt that's clearly time-barred, no point in doing that except for the chance that it will be overlooked, that it will be skipped, and that you will get paid on the assumption that it's a good claim when, in fact, it isn't? Well, again, I think that that question, Justice Ginsburg, presupposes a state of mind which is simply not alleged and on which there's simply no record in this case or in other cases. But I don't want to fight that factual premise too hard, because I think that even if such a state of mind exists, the operation of the Code is the same. Again, the state of mind of the creditor is neither here nor there for purposes of the operation of the Code. The sole question for purposes of the operation of the Code is whether or not there is a right to payment. And so when these proofs of claim were filed, the — there is not an extensive further investigation at that point, or at least I'm certainly not aware of one on the part of my client or on the part of debt collectors more generally. What the debt collector is obligated to do under the Code and under the rules is to disclose the information that essentially provides the world notice of a prima facie limitation. Mr. Shamin, I'm sorry. Well, I was going to bring this back to the language of the Code, because I did want to address that. But, Justice Kagan, I don't know. You know, let's suppose that you're right, that the Code allows this. I mean, it's hard for me to believe that the Code actively invites it, but let's suppose that the Code, as it's written, allows that. So then you wouldn't violate the Code by filing these proofs of claim. That's for sure. But why would that also absolve you from liability under other statutes? The Code does not obligate this. You don't have to do this under the Code. It's a choice. And then another statute can come along and say, you know what, for certain actors, for certain creditors, for these debt collectors, there's an independent rule, and the Code says nothing about that. So let me address first the specific language of the FDCPA, and I want to put down a marker because I want to address the separate issue of how the FDCPA and the Bankruptcy Code relate. We think that the operation of the Bankruptcy Code informs the analysis under the two relevant provisions of the FDCPA, first on the question of whether or not we made false or misleading representations, and second, the question of whether or not this is an unfair or unconscionable practice. On the question of 1692e, our submission is quite straightforward, that there is nothing false or misleading about the submission of a proof of claim that is not only entirely accurate, but that affirmatively puts the world on notice as to the existence of a potential limitations defense. And to go to the second prong of this, the question of whether or not such a proof of claim is misleading, our submission is that the filing of a proof of claim implies only a good-faith basis, that the creditor has a claim. It doesn't imply anything about the enforceability of the claim more generally or about the availability of a limitations defense more specifically, other than providing affirmative notice that such a potential defense exists. Sotomayor, what do you do with the language of Pennsylvania Public Welfare v. Davenport, where we explicitly said that a claim is a right to payment, an enforceable obligation? What do you do with that language? Shanmugam. Well, I don't think that that even rises to the level of in the parlance of the last argument a drive-by holding. And that's for the simple reason that neither Davenport nor the later cases citing Davenport in any way purported to somehow exclude unenforceable rights from the definition of a claim. In Davenport, everyone agreed that the right in question was enforceable in some way, but the fact that it was limited somehow affected whether or not it came within the definition of claim, and the Court said no. But again, if you thought that that rose to the level of even a passing holding, I would return to the language of the Bankruptcy Code and in particular the definition of a claim which says nothing about enforceability. To the contrary, Section 502 builds enforceability into the objections that have to be raised. Now, I do want to say a bit about the other provision of the FDCPA, the provision that prohibits unfair or unconscionable practices. And I think that on that provision, we would rely centrally on the protections provided by the bankruptcy system. It bears remembering that a proof of claim, unlike a civil lawsuit, is not filed against a debtor. It is filed against the estate. And as we've been discussing, the trustee bears a statutory obligation to monitor proofs of claim. Sotomayor, to the extent that you have concern. Sotomayor, if he or she lets a stale claim go through without objecting? If some purpose would be served. And, Justice Sotomayor, to the extent that you have concern. Well, that was Justice Kennedy's initial question. What would be the purpose of a trustee permitting a stale claim to go forward? The trustee should object where in the language of the statute some purpose would be served. And I think that there are actually contexts in which an objection might be futile, because it would have no effect on any of the other creditors or certainly on the amount that the debtor pays. But otherwise, the trustee should object. And I would say that to the extent that you have concern about. Sotomayor, where would that situation arise? The amount the creditor pays might be the debtor pays might be true. I mean, there could be. But every other creditor loses if an unenforceable debt is paid. There could be a case in which the unsecured creditors get nothing, and at that point it doesn't make any difference because none of the unsecured creditors are going to get paid. And there are other similar situations. Sotomayor, but all of those situations don't account for the $800 million you've collected on these old claims. Well, I don't think that there is a record on how much we've collected with regard to this particular type of claim more generally. But leaving that aside, I want to make one very important point about the interplay between the Bankruptcy Code and the FDCPA here. I think that Respondent's brief sort of has this Janus-like quality because Respondent fights us to at least some extent on the operation of the Bankruptcy Code. But I think really the principal beef that Respondent has here is that the bankruptcy system just isn't working as it should. If you take a look at pages 29 to 30 of Respondent's brief, Respondent really makes the broader point that trustees and other parties in interest simply aren't objecting as often as they should in bankruptcy. And that illustrates. Alitoro, could I just ask you a practical question? Would there be anything – suppose a trustee or the attorney for a debtor said I am going to – let's say this case is in Alabama, the statute of limitations for the collection of debt in Alabama is 6 years. I am going to object to every – any claim for a debt that was incurred more than 6 years ago. Would that be inconsistent with the duties of the trustee or the attorney? I mean, no, not necessarily, because at that point, essentially what would be happening is that the trustee would say there is a prima facie limitations defense here, we are going to raise an objection, and at that point the issue would be litigated. And if the creditor in that circumstance didn't come back and request a hearing or otherwise litigate the issue, I think it's quite possible, depending on the nature of the objection, that the objection would be sustained and that the claim would be disallowed. And again, that's the case. Alitoso, I'll ask Mr. Geiser the same question, but I can't understand why a trustee or an attorney wouldn't take that approach, would automatically object to anything that is over the statute of limitations. Well, and I think that this illustrates the artificiality of taking the FDCPA and injecting it into the bankruptcy regime. To be sure, the FDCPA applies to debt collectors specifically, but I think in this case, albeit on somewhat different grounds, and, of course, in that circumstance, there is no harm to the actual debtor because the claim has, in fact, been disallowed. If, in fact, the claim has been allowed, it seems quite odd to say that you could still bring an FDCPA action, because what you would effectively be doing is collaterally challenging the bankruptcy court's decision to allow the claim in the first place. And as we explain in our brief, and we make this point not only specifically with regard to the standing of this plaintiff, but really with regard to this whole category of cases, one of the reasons why this practice is not unfair or unconscionable is that it is very hard to posit a circumstance in which it will actually lead to an injury to the debtor. And it's really for that reason you're taking up trustee time, which gets paid by the debtor ultimately in administrative costs. You are taking up the time of other creditors, because there has to be when an objection is raised, notice to all the creditors, a hearing date set, all of these procedural steps that are unnecessary because you have no basis to believe that this debt is enforceable. Speaking of time, I would like to reserve the balance of my mind, but let me answer your question, Justice Sotomayor. It is simply not true that the amount that the trustee gets paid is somehow dependent on the objections that the trustee raises, and I would revert to the fundamental principle underlying our argument. This is exactly how Congress thought the system should work, and if the system as an administrative matter is not working as Congress intended, the solution is to fix the bankruptcy system and not to extend the FDCPA into the domain of bankruptcy. I'll reserve the balance of my time. Thank you. Roberts. Thank you, counsel. Mr. Geiser. Geiser. Thank you, Mr. Chief Justice, and may it please the Court. Midland is, in fact, using a business model that intentionally floods bankruptcy courts with time-barred debts. And after the first half of the argument, I think two propositions remain undisputed. The first is that under the Bankruptcy Code, these debts are unenforceable and will lose 100 percent of the time if anyone objects. The second is there is literally no scenario where Midland collects unless the system breaks down and fails.  100 percent of the time if anyone objects. Roberts. Are there other defenses to a debt that you would say are covered by your theory other than the statute of limitations? For example, that the debt was incurred through a contract of adhesion or, you know, the normal list of reasons that a debt might be unenforceable. Does your theory apply to all of those? Our theory, I think, is exactly what Justice Sotomayor said earlier in the argument. A debt collector has to have a good-faith belief that they have a right to payment under the Code and have a valid and enforceable debt. If they have any reasonable basis to think that an affirmative defense might not apply, then they don't violate the FDCP Act. But then what that means is that not just in this case, not just with statute of limitations, but that there are a whole set of claims that can be brought in bankruptcy where you would say they don't. They don't have a reasonable good-faith belief. And, of course, what they say is, we do. We do have a good-faith belief, okay? And now who's going to decide that? A bankruptcy judge? No. An ordinary judge in a case brought in an ordinary court where, in fact, if one side wins, they get $1,000 per instance, plus attorney's fees, plus costs. Now, I thought the point of the Bankruptcy Code was to have bankruptcy matters decided in a bankruptcy court and not in an ordinary Article III court. So how do you reconcile what you are arguing with the basic point of bankruptcy? You know, I think the point of the Bankruptcy Code is to have legitimate, genuine disputes resolved in the Bankruptcy Code. Well, really, really, how interesting. Then what do they argue about? I mean, are there cases in bankruptcy court where one side says, I have a legitimate dispute, and the other side says, no, you don't? Is that unheard of in bankruptcy court? Is that outside its purpose? Not at all. And to be very clear, our theory doesn't cover that situation. If a creditor can articulate the fact that the bankruptcy judge is a good-faith   firm of defense, a complete defense, is obvious on the face of the claim, and if there's not an articulable reason to think that that complete defense may not apply, this is exactly the same standard that applies in all five courts of appeals that have looked at this. This is not shifting the burden. This is not imposing an affirmative certification requirement on all creditors to investigate claims that have no defect on the face of the claim. Roberts. Roberts. But how do you know that's the case in a statute of limitations with respect to a statute of limitations defense? There are exceptions to the statutes of limitations, tolling, you know, the whole list of them. So it's hard to say. I mean, the argument on the other side is, look, we've spelled out, we have to, and spelled out the sort of basis. If you think there's a statute of limitations defense, here are the dates of these things. If it's obvious on the face, which was the standard you proposed, then it ought to be obvious to the other side as well. How do we know? Is there some way we know that there wasn't a tolling argument that could be raised in this case? First, we have alleged that Midland did in fact know there was no defense of limitations objection. So that is how this case comes to the Court. There was a little dispute, a footnote battle about that in terms of what the record provided or not. There was, Your Honor. We think that the original complaint should have been clear in this. It's since been amended to expressly allege that Midland acted with knowledge. Roberts Okay. Well, let's take the case where the dates suggest, oh, it's 6 years, this debt was incurred, however many years beyond that, and you say they should just not raise it, or you say, well, they should inquire somehow to make sure that there wasn't a basis for tolling the statute? What do they have to do? All they have to do is satisfy and discharge the obligation. They have to satisfy and discharge under Rule 9011. It's a basic. Well, tell me what that is. It's a reasonable belief after a reasonable inquiry that they have a ground for the complaint, that the evidentiary allegations have some factual support, and that the claim isn't filed for purposes of the statute. Roberts So it's not enough for them to say there might be, you know, a tolling issue here. Their argument is that that's exactly how bankruptcy works. Here we have a claim, and if there is an objection to it, it shifts to the other side. It seems to me that you're putting a burden on them to research the claim before suiting it in bankruptcy. Only when the affirmative defense is blindingly obvious on the face of the complaint. And this, by the way, is the exact same rule that applies in Alabama State court. Kennedy Well, let me ask this. In State courts generally, my understanding is that there is a debt. It is just not enforceable. Forget bankruptcy. A civil practitioner represents the creditor. They know that debt is time-barred. Is it unethical to sue because on the theory that the defense may not be waived? They may not be raised? If the defense isn't raised as an affirmative defense, as a matter of pleading, I assume, in some jurisdictions, and it goes to trial, and you say, oh, judge, this is time-barred, the judge will say, too late, you didn't raise the defense. An affirmative defense can be waived, but I think what's important is that all five courts of appeals that have looked at this have said that if you bring the complaint knowing that it's subject to a complete defense, you're imposing unnecessary costs on a defendant to object. Breyer It may not be. I mean, it depends on the circumstance. But that isn't what's bothering me. And I put it in a sort of, you have a very good argument. I'm not saying you don't. I'm telling you what's worrying me. What's worrying me is that we take a set of cases, which now you've narrowed it to that set which is sanctionable under Rule 9011, which is a bankruptcy rule with sanctions. And you're saying in addition to the sanctions, the person who the debtor can go and bring a different case now under the word unfair in the Debt Collection Act. And I'm saying what's worrying me, and I'd like to hear what you say specifically, is that here we have two sets of courts, one with the power to sanction, the other, the ordinary Article III court, which presumably will automatically give $1,000 per violation, you know, plus attorney's fees, plus costs. And that seems what the bankruptcy court was trying to avoid. We want bankruptcy matters decided in bankruptcy court. Now, I don't think I have a convincing argument against you. I have a point. And I'd like to hear what you have to say in response. We appreciate that. And I think the ultimate response is what Congress intended with the Fair Debt Collection Practices Act, which is specifically designed for remedies for professional debt collectors, realizing that ordinary remedies, like Rule 9011 sanctions that are calibrated for general creditors, aren't always enough. Professional debt collectors are inventive, they impose heightened risks, and you often need a heightened remedy to check their conduct, which I think is exactly what we see here. Kennedy, but if the States were so worried about that, why don't all States do what apparently two States do? They say if the statute of limitations runs, the debt is barred forever. But apparently many States don't say that. They say you can still sue. They do, Your Honor, but I think that States have the option. And that's the trouble I'm having in this case. Well, to be perfectly clear, even States that don't eliminate the debt, there's still not a right to payment. It's not enforceable in any way that's not purely voluntary. And in Alabama, and this is, I think, critical here, it actually gives rise not just to a sanctionable act, but to a tort. It's malicious prosecution to file a lawsuit in Alabama subject to the complete defense of the statute of limitations. Breyer, is it just the statute of limitations you're talking about, or is it all affirmative defenses? It's clearly at least the statute of limitations. I think it's any complete defense to the suit. Sorry. Is it just the statute of limitations you're talking about, or is it all affirmative defenses? Any affirmative defense. Okay. So it's any affirmative defense. Some of these, you know, are quite complicated. And therefore, we're now going to have the Article III judge, maybe not in some cases, but in many cases, deciding pretty complicated things as matters of bankruptcy law growing out of a bankruptcy case. Now, if that's wrong, why is it wrong? I think it's wrong for two reasons. The first is that the matter that they'll be citing in the Fair Debt Collection Practices cases will not be inherent in bankruptcy laws, asking did you allege a time-barred claim. It's very easy to do. No, you missed my whole point. You said it applies to all affirmative defenses. I'm sorry. Is the only affirmative defense a statute of limitations? No. Then think of the most complicated one you can think of, and let's talk about that one. Well, the most complicated one I can think of, we can dispose of very quickly, because any time there's a good-faith basis to think the defense might not apply, we don't have an FDCPA claim. So what are the other affirmative defenses that your argument might apply to? I think one example could be a release. Let's say that you sign a release to a claim, and then the debt collector the next day in the bankruptcy files a proof of claim on exactly the same debt they've just released. In that case, they're imposing an unnecessary cost on everyone in the process. They're trying to collect a debt that they will only collect in two circumstances. They either actually trick everyone in the system who doesn't realize there's a complete defense, or people do realize there's a complete defense, and they acquiesce. Are there any affirmative defenses that your argument might apply to that are bankruptcy-related particularly, or are these all kinds of the sort of defenses that are involved in any suit? I think logically it's any complete defense to the proof of claim. We've been focusing on the complete defenses under applicable law. Kagan. Are any of those defenses only bankruptcy-related? Do some of them only arise in a bankruptcy proceeding? I can't think of one off the top of my head, Justice Kagan. What we're looking at are defenses that, again, you file the proof of claim without a good-faith reason to believe it's actually valid and enforceable. It effectively is a rule that says creditors can't act in bad faith. And where does the – where do you litigate the issue of good faith? In good faith, you would litigate it in the FDCPA lawsuit. So what you're saying is a set of cases that would warrant a sanction under Rule 9011. If I said to the bankruptcy judge, who happens to know something about it, because he's heard the case? If I were to ask him, but who's going to bother to ask him?  If I go into this other court before a judge who doesn't know about it and just issue – have a litigate on an easy issue, an easy issue, the state of mind of the individual creditor, ah, yes, it's just state of mind. I grant you the easy thing about state of mind is it's only three words. And the difficult thing is, of course, proving what it was. Now do you see what is worrying me? I do. I do, Justice Breyer. I think that in the bankruptcy setting, first of all, given the speed of the proof of claim process, the odds are the objection will be adjudicated before the FDCPA suit is far underway or underway at all, which is actually what happened in this case. I also think that in most circumstances, the state of mind can be satisfied by the creditor by simply articulating any reason they filed the suit. They simply have to explain why did you have – why did you think you were entitled to collect? Because every claim in the bankruptcy process is automatically deemed prima facie valid and enforceable, and when a debt collector says by filing a proof of claim, I believe I have a right to payment on an enforceable obligation, and they know that's not true, then they are misstating the character and the legal status of the debt. Alitoson May I ask you the question that I asked your adversary? Why do these time-barred claims slip through? And that's a big part of your argument. Why don't trustees and attorneys for the debtor automatically object to any claim that is beyond the number of years set out in the statute of limitations? I think there are two reasons that they don't. The first is that the cost of objecting is sometimes more than the benefit of excluding the claim. These are nuisance value claims. They often will acquiesce in illegitimate payouts simply to avoid the nuisance value of the objection, which I think is unfair. Alitoson Why is there a big cost in filing an objection? According to the National Association of Bankruptcy Attorneys, it often takes two to three hours to do all the paperwork, serve the parties. It might not seem like very much, but that does impose a cost on the system. The other reason that the trustees' I can't believe you couldn't even have you could have a computer program that does this automatically. I can't understand why it would be very difficult. Your Honor, even if it took only an hour, you're talking about hundreds of thousands of claims filed each year, which in the aggregate amounts to an awful lot of time. The other reason that the trustees' How many of these would there be in the typical Chapter 13? What we've seen in at least the cases that have had a chance to go past the pleading stage is that the trustee, for example, the Middle District of Alabama, processes between 6,000 and 7,000 claims a month. So to review the claims, they have to review a claim every two minutes for 365 days a year. Roberts What kind of claims are you talking about? These kinds of claims? Well, claims filed in the bankruptcy, but the point is Congress wanted to limit the bankruptcy process to legitimate claims. So the statistic you just gave us is because every claim that they look at? That those are the claims that they have to sort through. And I don't I That doesn't tell us very much about how many of these claims there are. Well, sometimes we don't know how many claims of these nature there are, because sometimes they slip through and no one notices them. And the other reason that the trustees don't always object, Justice Alito, and they've told us this, the Chapter 13 trustees at page 15 of their brief, there's an information asymmetry. Trustees assume that creditors act in good faith. So they assume if there's a facially time-barred claim, it's possible the creditor is aware of some basis for tolling, and the trustee doesn't know what the creditor is thinking, and so they might not object, which is a way that these claims are, in fact, misleading even to sophisticated trustees. So the real point is that Midland wouldn't file these claims if the system actually functioned the way that Congress intended. If it did function and everyone objected the way they were supposed to, these claims would always lose. Alito, I find this a very difficult case, because if your description of Midland's business model is correct, it doesn't seem to me that it has much, if any, social utility. On the other hand, I have a real problem with your argument, with fitting your argument into the concept of an affirmative defense. I thought an affirmative defense was a rule of law that may allow the defendant to prevail if the defendant asserts the defense. But you want to switch – you're switching that over to the side of the plaintiff or the person filing the claim. It seems inconsistent with the whole idea of an affirmative defense. The idea of an affirmative defense, let's take statute of limitations. The idea is that the defendant may escape liability based on the statute of limitations, but only if the defendant asserts the defense and, if necessary, proves it. And if the defendant doesn't do that, then the law is perfectly content with having a recovery on a claim that would have otherwise been time barred. Well, I think that, again, we're not talking about affirmative defenses that aren't obvious on the face of the claim. Under Rule 9011, and just thinking about the way a creditor would normally approach this, if they look and they realize there's a facially obvious time bar, this case is a great example. The debt's over a decade old. They missed the limitations period by almost 5 years on a 6-year limitation period. They almost doubled the length of time they had to file. Breyer. In this case, is there something in the record? I mean, it's rather surprising to me that there is a company, and their business model, you say, is to go around buying up debts that can't be enforced and are worthless,  Is that shown in the record? I mean, is somebody they admit that's their business model? Where does this come from? Your Honor, I think it comes from the FTC report that analyzed the data of debt collectors and thought the FTC said that's what they do. It says they buy debts for pennies on the dollar. The amount of the debt goes to the government. Why doesn't the FTC then bring an action against them if that's what they're doing? Well, the government sometimes does. Then we have the FTC that could do such a thing. We have the sanctions in the bankruptcy code, and now you want this, too? Congress wanted this, too. The entire purpose of the FDCPA is to use the private attorney general function to police professional debt collector misconduct. Sotomayor, I have been able to find only one judge who has been able to get around 9-11's limitation. 9-11 is the sanctioning power, right? That's correct. You have to, like Rule 11, give notice to the other side that they're violating, right? That's correct. And if they withdraw the claim at that point, there's no sanctions, right? That's right. There's only one judge I found in the bankruptcy context who has used his inherent powers, but that's a rare action where a judge resorts to inherent powers. That's exactly right. This model is beautiful. You file a claim you know is old. If you get paid, wonderful. If somebody objects, you withdraw it. There's no sanction that's possible. That's correct. And it just keeps on going. It does, and that's exactly why you need the FDCPA as a backstop and why Congress designed it as an overlay to existing remedies calibrated for general creditors. And we know that Midland, in fact, does do exactly what you've described. They file a time-barred claim, they're caught, someone moves for sanctions, they withdraw the claim. And it's a great system, but it's not exactly what Congress intended in the code. And just to respond, there is no benefit to including these time-barred claims in the code. As Chief Judge Wood explained in her Seventh Circuit dissent, the time bar is virtually exactly the same as the discharge injunction in the broadest majority of cases. Debtors often don't list time-barred debts on their schedules because they don't care about them. No one declares bankruptcy to escape a stale debt. They declare bankruptcy to escape enforceable obligations. That's why. Kennedy, it's a little hard for you to imagine how to write an opinion to say that the law is a trap for the unwary. But that's in effect what you want us to say. Oh, not at all, Your Honor. Our law is actually – our rule is exactly the opposite. The uncounseled person gets a notice of demand for payment. The uncounseled person doesn't know about a statute of limitations. So it's a trap for the unwary. But the law makes that trap. That's my problem. Well, the FDCPA exists to protect the uncounseled person to avoid – I'm sorry, my – You can finish your sentence. To avoid the trap for the unwary. That's why the FDCPA exists. Thank you, counsel. Thank you.  Thank you, Mr. Chief Justice, and may it please the Court. In our view, no creditor is entitled to file a proof of claim in bankruptcy on a claim that the creditor knows is time-barred. When the bankruptcy system works – Is that also true in a civil action generally, forget bankruptcy? Yes. In our view, and all five courts of appeals that have considered the issue have held – So if a creditor files suit on a debt that's time-barred, the defendant doesn't raise it. The judge said, I hereby grant an award of $10,000 for the debt, and I sanction you for Rule 11, under Rule 11. Well, that's not – there are lots of situations where a prevailing party can be sanctioned for litigation conduct. Under Rule 11, a district court judge has great discretion about whether to award sanctions, and there might be good reason not to do so. Is that a plausible scenario? In other words, the law allows recovery, but you sanction the attorney for getting it? Well, I think it may be that most district courts would not – would choose not to exercise their discretion by awarding sanctions. Do you think that that is a plausible exercise of Rule 11 power? Well, let me put it this way. You can imagine – To sanction someone because they prevailed in a case without any misleading. All they've done is filed a suit. I think it is plausible, though unlikely to happen. But if you could think about it more broadly, you could imagine a system where a plaintiff was permitted or entitled, in Petitioner's words, to come in and throw up any possible legal argument, no matter how frivolous, and the burden was on the defendant to shoot all of those arguments down. That is not the system that we have adopted. Rule 11, every court of appeals to consider the issue has suggested, has held, that Rule 11 requires a party to certify that it has done a reasonable investigation and has a good faith basis for believing that its claims are warranted by law. Every court of appeals that has considered it has said that that includes forbearing from filing a lawsuit when it is obvious that it is – that there is an ironclad form of defense. Breyer. And that worries me. Of course, there will be a set of claims where the person is behaving pretty badly. But there's a remedy right in the code. It's called a sanction. Moreover, if they really go around doing this, I don't know why the FTC wouldn't bring a claim saying this is an unfair business practice. So if, in fact, you say they also have a remedy under this other act, it's quite possible, given the remedies that they have under the other act, that lawyers won't move for sanctions. They won't bother with it. They'll go right into court and then we'll have two sets of courts and other people trying to decide the same question, the same problem that was bothering me 15 minutes ago. And I'd like to know what you think of that. I'd love to tell you. The exact same thing is true in the general civil litigation context, that there is the possibility of Rule 11 sanctions, just like there's the possibility of Rule 9011 sanctions. In the very statutory findings in the FDCPA, Congress said, in our view, existing legal remedies are not sufficient to deter this kind of conduct from debt collectors. Robertson Bankruptcy is very different. The whole idea is let's get everything here in one place and deal with it, you know, different priorities and all that. I think it's much more significant if you have things spinning out of the bankruptcy estate being adjudicated elsewhere than the fact that you might have it as a general matter in district courts. Well, Mr. Chief Justice, it's a bedrock principle of bankruptcy that a creditor's rights with respect to a debt are defined by State law. When a debt is time-barred, State law has determined that that debt is not judicially enforceable. Nothing in the bankruptcy gives a creditor an extra right to judicially enforce a debt that the State law has said is not enforceable. Do you place any weight on this Fair Debt Collection Act being limited to particular kinds of creditors? That is, this is not for your everyday creditor. It is only for these debt collectors. That's right, Justice Ginsburg. I want to just emphasize, though, that in the government's view, this case is as much about abuse of bankruptcy as it is about a violation of the FDCA. Breyer, if that's so, then why not what about this? It's a little complicated as a solution, and so I'm pretty nervous. I don't know that I'd really do this. But you'd say, okay, the word in the Debt Collection Act is unfair. And where it's in bankruptcy, there's a whole system set up to decide if it's unfair by people who know about it. So where a bankruptcy court does, in fact, say that it's unfair and sanctions a party for this unfair behavior, in that case, it's unfair within the meaning of the Debt Collection Act, and in that case, you can go and bring your extra remedy. So there are two reasons, I think, why that would not work. The first is, as Justice Sotomayor pointed out, there's a safe haven in Rule 9011, just like there is in Rule 11 since 1993, that allows a creditor to withdraw an offending proof of claim when it's objected to. Now, I just want to point out, if a creditor really has a basis for a good fit basis for believing that its claim is enforceable, it will presumably assert that in response to an objection. That's not what happened here. But the second is that there's even more reason to be cautious about this in bankruptcy than there is in general civil litigation, because by operation of Rule 3001 of the bankruptcy rules and Section 502 of the Code, a proof of claim, when it's filed, makes the underlying claim presumptively valid. Alitoso, do you think this good-faith defense is objective or subjective? We think it's objective. I mean, it's the same – it's basically the same – It's objective? It's objective. All we're doing is saying that the same standard that would be applied under Rule 9011 or Rule 11 should be applied here. So take the case of a – at least with a fair debt collection act, you're just talking about debt collectors. So let's – under bankruptcy, you have a single creditor. It's a person who owns a sandwich shop, has a claim. It's – it turns out that it's clearly barred by the statute of limitations. Files that claim, that's sanctionable conduct? As a practical matter, it probably wouldn't be, because they would withdraw their proof of claim. But as a legal matter, it would be under your interpretation. If they didn't have a good-faith basis for believing that the limitations period didn't apply in that case because of tolling or some other equitable principle, then they could – No, they had a subjective. They were acting in perfect good faith subjectively, but not objectively. Well, Rule 9011 requires a lawyer or an underrepresented party to certify that they have done a reasonable investigation and have a good-faith basis for believing that their claims are warranted by existing law. And so if they haven't done that reasonable investigation or if they have ignored the results of that investigation, which must have been what happened here, then they violated Rule 9011 and engaged in an unfair and misleading practice. What other affirmative defenses does your theory apply to? Well, think about, for example, the defense of res judicata. If a creditor had sued in State claim on a timely – a timely zet and the State court had said this is not a valid claim, we wouldn't want a system where that creditor could then file a proof of claim in bankruptcy hoping that the claim would just slip through the cracks and get paid, even though the creditor knew for sure that it was impossible. A lot of these affirmative defenses, though, aren't presented as abstractly as that. They may involve nuances. We have cases about the scope of res judicata and when it applies. What other – I assume your argument applies to every affirmative defense. Only if it's obvious and if the creditor doesn't – is able to access all the information without discovery. That's the rule that's been applied in the Rule 11 context. So it applies to every affirmative defense? Every obvious affirmative defense where the creditor or the plaintiff – Are there any non-obvious affirmative defenses to which it wouldn't apply? I mean, I think something like contributory negligence might be kind of a classic affirmative defense that would be – it would be hard to say that the plaintiff in the civil litigation context – How about a lack of personal jurisdiction? I mean, I guess it depends on the circumstances. If there's – if the creditor – You know there's no personal jurisdiction, but you file the suit anyway and the rule says that you have to make an objection? I don't think that would arise in a bankruptcy context, but in a civil litigation context – I'm talking about just ordinary civil litigation? I think it could. If – what I would say is if a court could sanction that under Rule 11, then we think that that's – In ordinary civil litigation, the defendant can always consent to personal jurisdiction. So it's – it's – And he can always consent to the waiving of the statute of limitations. Why not raise it? But not in bankruptcy, because if a debtor cannot consent to the payment of a time-barred claim, because that takes money away from other creditors. Why can't they consent? Suppose it's Chapter 11. Suppose we're trying to get a plan. Suppose the plan is a company that does business in countries. I know you don't believe there are such countries, but there are. There are countries where it's a matter of honor to pay a debt. And people actually do pay debt. I believe that. All right. All right. So in the – it's easy to think of cases. Justice Breyer, I think the one thing everyone agrees on in this case is that if the bankruptcy system works as Congress intended, 100 percent of time-barred claims will be disallowed. That is what Congress intended. Why? In Chapter 11, I'm not sure they did, but regardless of that dispute. Is – is – is the automatic stay applied to these actions or not? Yes. In our view, these are claims within the meaning of the bankruptcy code. So – so they can't proceed in the – under the Debt Act until the bankruptcy is over? That's true, yes. And also, you know, in terms of the discharge, the FDCPA gives a debtor the right to ask not to be contacted anymore by a debt collector, which is basically the functional equivalent of a discharge. And the anti-discrimination provisions apply to any dischargeable debt, not just debts that have been discharged, and so that would apply to these – to these types of debts. And so I just think there's nothing in the code that gives a creditor the right to try to sneak one through when the creditor knows that if it's objected to, it should be disallowed 100 percent of the time. Is your argument dependent on a view of the code that precludes these kinds of claims? Yes. Yes. So if – if one looked at the code and said, well, it seems as though these kinds of claims, although unenforceable, can be filed, if that was your view of the code, what do you think follows from that? So then I think it would not be unfair and it would not be misleading. And if I'd like – if it could, I'd like to tell you why. It's – the reason it's unfair here is because a creditor does not have a right to get paid in bankruptcy on this type of claim, and so it's unfair to try to do that and to put the other participants to the burden of making sure that it doesn't happen. It's misleading because when you file a proof of claim under Rule 9011, you're making an implicit representation – may I finish my sentence – that you have done a reasonable investigation and have a good faith basis for believing that the claim is warranted. If it is warranted under the bankruptcy code, then that's not misleading. Thank you, counsel. Three minutes. Mr. Shabnagam. Thank you, Mr. Chief Justice. Just two points on rebuttal. First, I think with all due respect that the Court should be concerned about the breadth of Respondent's position. And let me lay out some circumstances that I think would be covered by Respondent's rule. A circumstance in which a claim has been discharged in a previous bankruptcy, a circumstance in which a claim has in fact actually been paid off, a circumstance in which the claim is subject to a set-off, or a circumstance in which the creditor simply gets the wrong amount or the wrong person. These circumstances, I'm reliably informed, recur with some frequency in bankruptcy proceedings. And yet in all of those circumstances, after an objection is raised and the claim is disallowed, there could be a claim that the claim itself was false or misleading under the FDCPA. And a holding in Respondent's favor would really be a recipe for clogging the courts with these sorts of FDCPA claims. And I would note parenthetically that to the extent that Respondent and the government's claim that there is some absence of a good-faith basis for believing that some of these objections are invalid, that's very hard to reconcile with the language of the FDCPA, because if there's one established principle about the operation of the FDCPA, it is that there is no affirmative state-of-mind requirement. And so what Respondent and the government would be asking you to do is to say, sure, there could be a prima facie claim under the FDCPA, but the only way in which a creditor could escape liability would be to invoke the affirmative defense in section 1692k paragraph c, where the violation is not intentional and results from a bona fide error which requires the maintenance of procedures reasonably calculated to avoid that error. And so, again, this is going to be a recipe for bringing these FDCPA actions into play in many, many bankruptcies. And that leads me to my second point, which is that this Court has never applied the FDCPA within the four corners of a bankruptcy proceeding. And I think that the problem with doing so here is that it really doesn't address the principal concern that Respondent and the government raises. And let me give you an example as to why that's true. Suppose you have a bank that holds credit card debt, and that bank actually doesn't sell that debt on to a debt collector. Well, that bank could do the very same thing. It could file a proof of claim. It would be required to disclose that there is a prima facie limitations defense. And yet, if that bank does not qualify as a debt collector under the definition of the FDCPA, FDCPA liability would not be available. And that simply illustrates the fact that this is really a problem, if it is in fact a problem, with the operation of bankruptcy. And it's a problem that Congress or the advisory committee are best situated to remedy. And so, for instance, if there's concern about the limitations defense, one solution is to eliminate the fact that that's a defense, and for Congress to shift the burden back on to the creditor. But again, that's a remedy in the particular context of bankruptcy. And just to address, finally, the government's broader argument about the sanctionability of conduct outside bankruptcy, this Court has never held that it would be a violation of Rule 11 for a plaintiff to file a complaint in the face of an obvious defense, whether it's a limitations defense or some other type of defense. And notwithstanding the rather cursory analysis in the court of appeals cases that Respondent and the government cites, I would respectfully submit that that would be an astonishing proposition for civil litigants if this Court were to adopt it, and it would have very broad consequences against across the full range of litigation. Thank you. Roberts. Thank you, counsel. The case is submitted.